*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-005

APRIL TERM, 2016

| | |
|---|---|
| Stephen Zeno | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Family Division |
| | } |
| | } |
| Veronica Brusca | } DOCKET NO. 257-8-15 Wndm |

Trial Judge: Kristin K. Schoonover

In the above-entitled cause, the Clerk will enter:

Mother appeals pro se from a family court order awarding parental rights and responsibilities and parent-child contact. She contends the trial court erred in prohibiting contact between the parties' child and mother's boyfriend. We affirm.

The facts may be summarized as follows. The parties, who were not married, lived together for a number of years before separating in May 2015. They have a daughter, who was four years old at the time of this proceeding. In August 2015, father filed a parentage action seeking to determine parental rights and responsibilities. In November 2015, following a hearing, the court issued a written decision awarding mother sole legal and physical parental rights and responsibilities, and granting father substantial visitation.

In its findings, the court noted father's concern that mother was dating a registered sex offender. Mother acknowledged that she was aware of her boyfriend's status, but testified that he did not live with her. Although the court acknowledged that the parties had presented little other evidence "to guide" its assessment of the risk to the child, it found that the "fact that the boyfriend is a registered sex offender and around the child presents some risk." Accordingly the court included a provision in its final order that "there shall be no contact between the child and mother's boyfriend when the child is with the mother." This appeal by mother followed.

In her brief, mother asserts that the "final order . . . should only pertain to" mother and father and not her boyfriend. She seeks removal of the no-contact provision. Our law provides that in making an order of parental rights and responsibilities the court's "paramount concern is the best interests of the child." Paine v. Buffa, 2014 VT 10, ¶ 12, 195 Vt. 596; see 15 V.S.A. §665(b) (providing that, in making order of parental rights and responsibilities, court shall "be guided by the best interests of the child"). Furthermore, "we afford the trial court broad latitude in determining the child's best interests," Hazlett v. Toomin, 2011 VT 73, ¶ 11, 190 Vt. 563 (mem.), and we will not disturb the court's ruling unless it "exercised its discretion upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." Paine, 2014 VT 10, ¶ 10 (quotation omitted).

As these standards make clear, it is not—as mother contends—solely or even especially the interests of the parents that are most important in a custody dispute, but those of the child at the center of the dispute. In light of the undisputed fact that mother's boyfriend is a registered sex offender and in the absence of any other evidence minimizing the potential risk to the child, we cannot conclude that the trial court abused its discretion in barring any contact with the child while in mother's care. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice